## Adams's License.

*Liquor law—Revocation of license.*

Where a petition for the revocation of a retail liquor license charges in express terms that the respondent sold liquor to minors, naming them, and the order of revocation recites "after rule, answer, and hearing in open court, it appearing that the respondent has violated the law of this commonwealth in relation to the sale of intoxicating liquors, by selling such liquor to minors, as charged in the petition upon which this rule was granted," the appellate court will presume that the lower court admitted, and gave due consideration to evidence offered by the respondent tending to show that he had no knowledge that the persons to whom the liquor was furnished were minors, and that he was not negligent in that particular.

Argued Oct. 20, 1908. Appeal, No. 63, April T., 1909, by W. C. Adams, from order of Q. S. Allegheny Co., March T., 1908, No. 41, revoking retail liquor license. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for revocation of retail liquor license.

The facts appear by the opinion of the Superior Court.

*Errors assigned* were (1) order revoking license, reciting the order; (2) in revoking the license of the appellant upon the testimony of witnesses who were not named in the bill of particulars, and of whom the appellant was not notified until the day before the hearing; (3) in revoking the license of the appellant on a finding that appellant "has violated the law of this Commonwealth in relation to the sale of intoxicating liquors, by selling and furnishing such liquors to minors, as charged in the petition upon which this rule was granted," when there was no allegation of negligently or knowingly selling or furnishing liquor to minors, especially when appellant set up as a defense lack of knowledge and lack of negligence in the sale of liquors to minors.

*A. C. Robertson,* of *Robertson & Link,* for appellant.—The petition and order, strictly speaking, constitute the record: Carlson's License, 127 Pa. 330. And since neither the petition nor order show negligence or knowledge, and appellant set up as a defense lack of negligence and lack of knowledge of the alleged sales, under the act of 1897, the record thus clearly shows irregularity.

*L. S. Levin,* with him *W. B. Rodgers,* for appellee.—It is sufficient if a petition substantially states that the laws of the commonwealth have been violated by selling vinous, spirituous, malt or brewed liquors to minors: McGinley's License, 32 Pa. Superior Ct. 324; Sherban v. Com., 8 Watts, 212.

OPINION BY RICE, P. J., November 9, 1908:

It is argued that as neither the petition nor the order of revocation sets forth that the sales to minors were knowingly or negligently made, the record fails to show or imply that the respondent was charged with, or was proved to have committed, a violation of any law relating to the sale of liquors. The complete answer to this contention is, that in the petition

ADAMS'S LICENSE.

it was charged that the appellant "in the conduct of said licensed house has grossly violated the laws of. the commonwealth . . . . by selling vinous, spirituous, malt and brewed liquors to the following girls, all minors" (naming them) "and to other minors unknown at this time to your petitioner," and that in the order of revocation it is recited that "after rule, answer and hearing in open court, it appearing that William C. Adams has violated the law of this commonwealth in relation to the sale of intoxicating liquors, by selling such liquor to minors, as charged in the petition upon which this rule was granted." This record leaves no room for inference that the court did not admit, or did not give due consideration to, evidence offered by the appellant tending to show that he had no knowledge that the persons to whom the liquor was furnished were minors, and that he was not negligent in that particular. On the contrary, the burden of proof as to these facts being cast upon him by the Act of May 25, 1897, P. L. 93, the presumption from the terms of the order is that he did not establish them by a preponderance of testimony. Therefore the first and third assignments of error are overruled.

It is enough to say with regard to the second assignment of error that it is not based upon anything that appears or can be implied from the record.

The order is affirmed.